## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| | : | |
| | : | |
| WILLIE ORLANDO McKINNON | : | |
| | : | |
| | : | |
| v. | : | Civil No. CCB-12-179 |
| | : | Criminal No. CCB-08-049 |
| | : | |
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |

## MEMORANDUM

Willie Orlando McKinnon was sentenced on May 8, 2009 to a term of 12 years imprisonment after pleading guilty to interference with commerce by robbery, in violation of 18 U.S.C. § 1951.  Judgment was entered against Mr. McKinnon on May 14, 2009, and he did not note an appeal.  On October 21, 2011, Mr. McKinnon filed a "Petition Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure," alleging prosecutorial misconduct and ineffective assistance of counsel.  (ECF No. 54.)   The court construed the motion as a petition to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255 and granted Mr. McKinnon leave to withdraw or amend the motion or to proceed with it as filed.  Mr. McKinnon supplemented his motion with a formal § 2255 petition on April 2, 2012, and that petition is now pending.  (ECF No. 62.)  For the reasons set forth below, Mr. McKinnon's § 2255 petition will be denied as barred by the statute of limitations.

Section 2255, amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides for a one-year statute of limitations.  The statute provides that the limitations period runs from the latest of the following dates: (1) the date on which the conviction became

1

final; (2) the date on which the "impediment to making a motion created by government action" is removed, if the movant was prevented from making his motion by government action; (3) the date on which the right asserted was recognized by the Supreme Court, if that newly-recognized right has been made retroactive to cases on collateral review; or (4) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f).

Mr. McKinnon's conviction became final when the appeal period lapsed following the entry of a judgment against him. Accordingly, Mr. McKinnon's limitations period began to run on May 24, 2009 – ten days after the entry of judgment. *See United States v. Wilson*, 256 F.3d 217, 221 (4th Cir. 2001) (Michael, J., concurring) (conviction became final ten days after entry of judgment where defendant did not appeal); *see also Jackson v. United States*, 2012 WL 1066474 (D. Md. Mar. 27, 2012) (noting that the defendant's "conviction and sentence became final for the purposes of filing a § 2255 motion 10 days after judgment was entered . . . , after the time for appealing had expired").[1] Mr. McKinnon filed his motion to vacate on October 21, 2011 – almost seventeen months after the statute of limitations had lapsed.[2]

Mr. McKinnon has not argued that he faced a government-imposed impediment to filing his petition or that his claim is based on a newly-recognized right. Instead, Mr. McKinnon appears to argue that his § 2255 petition is not time barred because the facts supporting his claim could not have become known within the limitations period. Mr. McKinnon asserts that his claim is based on a September 2010 phone conversation with his defense counsel wherein Mr.

---

[1] When judgment was entered against Mr. McKinnon, the applicable rule gave defendants 10 days after entry of judgment to file a notice of appeal. Fed. R. App. P. 4 (2002). Rule 4 of the Federal Rules of Appellate Procedure was amended effective December 1, 2009, to establish a 14-day appeal period.
[2] The court ordered that Mr. McKinnon's § 2255 motion would be deemed filed on October 21, 2011 despite originally being styled as a "Petition Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure" and supplemented several months later. (ECF No. 63.)

McKinnon learned of significant shortcomings in his counsel's representation.  Mr. McKinnon states that he could not have filed his petition earlier because of his own lack of familiarity with the judicial process, the erroneous advice of other inmates, and the failure of his attorney and the court to reply to "several letters."  (ECF No. 68, p. 4.)  Mr. McKinnon argues that he has "diligently pursued this appeal, from behind bars."  (*Id.*)

Mr. McKinnon's petition is not entitled to an extension beyond one year from the date of judgment because he has not demonstrated that the facts underlying his allegations were unavailable to him within that period.  *See* 28 U.S.C. § 2255(f)(4).  Mr. McKinnon alleges prosecutorial misconduct on the grounds that the government had "full knowledge that the charges [against him] could not be substantiated at trial," but he offers no evidence that such an assertion could not have been made earlier.  (ECF No. 62, p. 2.)  With respect to the charge of ineffective assistance of counsel, Mr. McKinnon asserts that his counsel failed to "investigate the factuality of [the government's] claims," particularly regarding a corroborating witness, and erroneously encouraged Mr. McKinnon to accept a plea agreement.  (*Id*. at 3.)  Both of Mr. McKinnon's claims are based on alleged constitutional violations that, even by Mr. McKinnon's own account, took place before the court entered judgment in his case.[3]  It is Mr. McKinnon's burden to show that "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence" should be as late as October 2010, and he has failed to do so.  *See United States v. Crawley*, 2012 WL 32402 (E.D. Va. Jan. 5, 2012).[4]   One communication with counsel well beyond the limitations period is insufficient to warrant an extension of the statute of limitations.  Moreover, to the extent Mr. McKinnon

---

[3] Mr. McKinnon also alleges a number of other grounds for ineffective assistance of counsel, including that his counsel failed to file an appeal, refused to withdraw Mr. McKinnon's plea, and did not "request the *Brady* materials to which [Mr. McKinnon] was entitled."  (ECF No. 68, p. 3.)  All of these alleged violations took place before judgment was entered against Mr. McKinnon.

[4] Unpublished opinions are not binding precedent and are cited only for their reasoning.

attributes his failure to file a timely § 2255 motion to his lack of familiarity with the law and poor advice from other inmates, courts have clearly rejected "pro se representation alone or procedural ignorance" as bases for extending AEDPA's statute of limitations.  *Johnson v. United States,* 544 U.S. 295, 311 (2005).

Although Mr. McKinnon has not explicitly argued that his petition is entitled to equitable tolling, such an argument also would be futile.  The Supreme Court has held that a petitioner is "entitled to equitable tolling if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (internal quotations omitted).   The Fourth Circuit has clarified that equitable tolling should be "reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000); *see also United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000) (equitable tolling should be "sparingly granted").[5]  As noted, Mr. McKinnon has not demonstrated the diligent pursuit of his rights.  He also has not established extraordinary circumstances that would warrant equitable tolling.

*Certificate of Appealability*

A prisoner seeking a motion to vacate under § 2255 is not automatically entitled to appeal a district court's denial of the motion.  28 U.S.C. § 2253(c)(1)(B).  An appeal may only be taken from a final order in a proceeding under § 2255 if "a circuit justice or judge issues a certificate of appealability."  *Id.*  A certificate of appealability "may issue ... only if the applicant has made a

---

[5] The Fourth Circuit has held that "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."  *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004).

substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2).  To make the

necessary showing, the petitioner "must demonstrate that reasonable jurists would find the

district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,*

542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel,* 529 U.S. 473, 484 (2000)), or that "the

issues presented were adequate to deserve encouragement to proceed further," *Miller-El v.*

*Cockrell,* 537 U.S. 322, 335-36 (2003) (internal quotations omitted).  Mr. McKinnon has not

made the requisite showing for this court to issue a certificate of appealability.

*Conclusion*

The court finds that Mr. McKinnon's Motion to Vacate was untimely filed.  As a result,

the court will not reach the merits of Mr. McKinnon's ineffective assistance of counsel and

prosecutorial misconduct claims.[6]  A separate Order follows.



June 29, 2012                          _____/s/_____
Date                                   Catherine C. Blake
                                       United States District Judge

---

[6] The court notes that Mr. McKinnon's § 2255 petition would be very unlikely to succeed on the merits in any event.  Mr. McKinnon's allegations against the government and his counsel are entirely speculative and conclusory.  Mr. McKinnon charges, without detail or evidentiary support, that the government knew the charges against him could not be substantiated at trial and misrepresented the potential testimony of a key witness.  "[T]he test for reversible prosecutorial misconduct generally has two components: that (1) the prosecutor's remarks or conduct must in fact have been improper, and (2) such remarks or conduct must have prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial."  *United States v. Chorman,* 910 F.2d 102, 103 (4th Cir. 1990).  In this case, there is no evidence of either improper conduct by the government or any adverse impact on Mr. McKinnon's substantial rights. *See United States v. Roane*, 378 F.3d 382, 401 (4th Cir. 2004) (holding that conclusory allegations of prosecutorial misconduct do not warrant an evidentiary hearing or form a basis for relief).  Mr. McKinnon's charges of ineffective assistance of counsel are similarly conclusory and unavailing.  He has not established that his counsel's performance fell below "an objective standard of reasonableness" or "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland v. Washington,* 466 U.S. 668, 688, 694 (1984).